# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

―――――――――――――――――――――
NIRVANNA PERALTA )
                         Plaintiff, )
     -against- )
NATIONAL RECOVERY AGENCY )
                        Defendant. )
―――――――――――――――――――――

Index No._____   **01211**

**SUMMONS**

Plaintiff's Residence Address:
83-55 Austin Street, Apt. 2G
Kew Gardens, NY 11415

Defendant's Residence Address:
National Recovery Agency
C/O New York Secretary of State
Office of the Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

The basis of the venue designated is:
Plaintiff resides in Queens County

To the above named defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon failure to answer, judgment will be taken against you for the sum of $15,000.00 with interest thereon from the 14th day of January, 2015.

Dated, the 14th day of January, 2015

                                    _____
                                    Daniel Kohn, Esq.
                                    *Attorneys for Plaintiff Nirvanna Peralta*
                                    RC Law Group, PLLC
                                    285 Passaic Street
                                    Hackensack, NJ 07601
                                    Phone: (201) 282-6500 Ext. 201
                                    Fax: (201) 282-6501

NOTE: The law provides that:
(a) If this Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) if this Summons is served by delivery to any other person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
QUEENS COUNTY
-----------------------------------------------------------------x
Nirvanna Peralta

                       Plaintiff,

Index No: _____

**COMPLAINT**

-v.-

National Recovery Agency

                       Defendant.
-----------------------------------------------------------------x

Plaintiff Nirvanna Peralta ("Plaintiff" or " Peralta ") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant National Recovery Agency ("Defendant" or "NRA"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Queens, residing at 83-55 Austin Street, Apt. 2G, Kew Gardens, NY 11415.

3. Defendant is a debt collector with an address at 2491 Paxton Street, Harrisburg, PA, 17111.

4. National Recovery Agency is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant under N.Y. CVP. Law 301(a), because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported an alleged debt on the Plaintiff's credit report.

12. Plaintiff disputed this debt directly with the Defendant with a dispute letter on August 25, 2014.

13. Plaintiff examined her credit report again on October 28, 2014 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), and 1692f.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nirvanna Peralta demands judgment from the Defendant National Recovery Agency, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 14, 2015

RC Law Group, PLLC
By: Daniel Kohn Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                                                         Index No._____

NIRVANNA PERALTA
                                                                                                            Plaintiff
                                    -against-

NATIONAL RECOVERY AGENCY
                                                                                                            Defendant

## COMPLAINT & SUMMONS

### Revaz Chachanashvili Law Group, PLLC

*Attorneys for Plaintiff*
*Office Information*:
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR. 1200.41-a.*

Dated: January 15, 2015        Signature: ..................................................
                                                          Daniel Kohn

### AFFIRMATION

Revaz Chachanashvili, an attorney being admitted to practice before the Courts of this State, affirms under penalty of perjury:
1. I, Daniel Kohn, Esq., am attorney for Plaintiff Nirvanna Peralta

Dated: January 15, 2015                        ..................................................
                                                                      Daniel Kohn